No. 34,834

THE STATE OF KANSAS, *Appellee*, v. MAX MOELLINGER, JR., *Appellant.*

(103 P. 2d 786)

Opinion filed July 6, 1940.

*Charles B. Hudson* and *Roger P. Almond,* both of Wichita, for the appellant.

*Jay S. Parker,* attorney general, *C. Glenn Morris,* assistant attorney general, *Tom Harley,* county attorney, *Robert H. Nelson, Harold A. Zelinkoff, Grey Dresie, J. Ashford Manka* and *Dean L. Lachenmyer,* deputy county attorneys, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was charged in five counts with sales and in one count with possession of intoxicating liquors, and in another count of maintaining a nuisance under our liquor laws, and was convicted and sentenced on each count. He has appealed, and contends: (1) That the evidence was not sufficient to sustain the verdict; (2)

that the court erred in refusing a requested instruction, and (3) in an instruction given.

The evidence was to this effect: On August 18, 1939, an investigator from the attorney general's office and several officers from the Wichita police department and the county attorney of Sedgwick county went to a farmhouse southwest of Wichita. There was a tenant house a short distance from the main residence on the farm. This building contained three rooms, a long room across the south and the north half of the building was divided into two rooms. In the northwest room the officers found approximately 900 bottles of intoxicating liquor, consisting of alcohol, gin and whisky, of various brands. In the northeast room was a bed, desk, telephone, books and papers. In one corner of the room there was a small closet in which there was a metal tray containing about $20 in money. Two men, Peter Sommerhauser and Herman Klein, were there. Sommerhauser claimed to own the liquor and the money, later was prosecuted and entered a plea of guilty. Klein convinced the officers he was only visiting there and was not arrested. The officers went into the main house and in the kitchen found a part of a bottle of intoxicating liquor together with a bottle of lemon mix. While the officers were there the defendant came to the place, told the officers he rented the farm from his father, but that he had nothing to do with the tenant house or the liquor. In one of the books found in the tenant house was kept a systematic daily record. In the first lefthand column was written the names of the various brands of liquor— more than thirty. In the second column were figures indicating the number of bottles of each brand of liquor on hand at the beginning of the day, and in the next, the number of bottles of each brand brought in that day. A fourth column was the total of those, in the next the number on hand at the close of the day, in the next the number of bottles sold that day, and in the last column the amount for which they were sold. There were two of these books. In one of them the double pages carried the business for four or five days; in the other book one page was devoted to the business for the day. The date was entered, and the total sales varied each day from a little more than $100 to more than $700. There was evidence that defendant had written many of the entries in these day books, particularly in the columns showing the number of bottles sold during the day, the number on hand at the close of the day, and the price. There was written in one of the books in defendant's handwriting the following:

"On Saturday July 15 we sold 15¾ cases of merchandise to consumers in lugs and singles.

"The average received per case............................ 29.65

. "The average cost per case is............................ 18.00

"Profit ............................................... 11.65"

Defendant was arrested, and in a billfold which he carried was the carbon copy of an invoice or order of intoxicating liquors, twenty different brands and 49 cases, with prices noted, aggregating $726.55. The top and bottom of this invoice had been torn off, leaving only enough to indicate that it was an invoice of liquors purchased in the state of Arkansas, county of Benton. This invoice was in defendant's handwriting. There were other items of evidence tending to show defendant's management and operation of the business and that Sommerhouser drew a salary. Without stating the evidence more in detail we think it ample to sustain the verdicts.

Defendant requested the court to instruct the jury that if it found defendant had written in the exhibits certain words and numerals, which exhibits were found in the tenant house, that of itself would not be sufficient to find the defendant guilty. The court declined to give the instruction, and complaint is made of that ruling. The ruling was correct. There was no reason for the court to pick out a certain item of the evidence and say that alone would be insufficient when, in addition to that, there was other material evidence tending to show guilt.

Appellant complains of an instruction given. The court gave an appropriate instruction on the possession of intoxicating liquor, and concerning this no objection is made. In instruction 11 the court told the jury that possession or ownership of liquor need not be confined to one person; that two or more persons may have possession of and the right to control, or ownership, of the same liquor. This was amplified further in the instruction, the wording of which is not very clear. However, no objection to the wording was made at the time. When considered as a whole the instruction is not seriously erroneous; considered as applied to the evidence there is no reason to say the jury was misled by it. Appellant complains of another instruction in which the court told the jury that any person who counsels, aids or abets in the commission of an offense may be charged, tried and convicted as if he were a principal. We see no objection to that instruction. It was appropriate under the evidence. The court properly instructed the jury that all of the instructions

were to be considered together and each considered in connection with and in the light of all the others. This was proper. (*State v. Wellman*, 114 Kan. 671, 220 Pac. 271.). We think there was no error in the instructions which would have required or justified the court in granting a new trial. We find no material error in the record.

The judgment of the court below is affirmed.